THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JERYME MORGAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 20 C 6552 |
| ) | |
| WEXFORD HEALTH SOURCES, ) | |
| INC., DR. RICHARD ORENSTEIN, ) | |
| and RANDY PFISTER, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Jeryme Morgan is imprisoned at Stateville Correctional Center. He was diagnosed with temporomandibular joint disorder (TMJ) in 2007 when he was first incarcerated. Morgan has sued Wexford Health Sources, Inc., Dr. Richard Orenstein, and Stateville warden Randy Pfister. In this lawsuit, which was received by the Clerk of Court on November 4, 2020, Morgan alleges that the defendants violated his rights under the U.S. Constitution's Eighth Amendment by failing to provide adequate medical treatment for his TMJ. The defendants have jointly moved for summary judgment, contending that Morgan failed to exhaust the prison grievance process before filing suit, as required by 42 U.S.C. § 1997e(a). The Court denies defendants' motion for the reasons described below.

### Background

Defendants contend that Morgan he failed to exhaust because he did not

adequately identify, name, or otherwise describe the defendants, Wexford's policies, and other information concerning claims within his grievances and because he failed to appeal the denial of his grievances before filing this lawsuit.

Defendants concede that Morgan filed four TMJ-related grievances that are pertinent to this lawsuit. The Court summarizes each of these below.

### 1. The December 15, 2019 grievance

On December 15, 2019, Morgan submitted an emergency grievance requesting a diagnosis and MRI screening for his TMJ. Defs.' Ex. C at 8. He complained about ineffective medication and said he had been told that a request for an MRI would be denied. The grievance was first forwarded to the Health Care Unit (HCU), and the Chief Administrative Officer (CAO) rejected it as moot on November 4, 2020, about ten and one-half months after Morgan had submitted it. (This is the same date on which the Clerk of Court received Morgan's complaint in the present case.) Morgan appealed to the Administrative Review Board (ARB) on November 17, 2020. A little under six months later, on May 5, 2021, the director of the ARB found the grievance to be moot because Morgan was "receiving ongoing treatment for [the] issue." *Id*. at 4.

### 2. The December 21, 2019 grievance

On December 21, 2019, Morgan submitted an emergency grievance complaining about his locked jaw and inability to eat and sleep due to the pain. *Id*. at 6. He requested an increase in pain medication, as well as surgery and an MRI for his jaw. The grievance was first forwarded to the HCU, and the CAO denied it on November 4, 2020. Morgan appealed the denial to the ARB on November 17, 2020, the same date he appealed the December 15 grievance. The director of the ARB found this grievance

moot a little under six months later, on May 5, 2021 (the same date as the earlier grievance), because Morgan was "receiving ongoing treatment for [the] issue." *Id*. at 4.

Morgan's exhibits appear to reflect a different version of this grievance's review process. *See* Pl.'s Exs. H-K. Specifically, Morgan says he submitted additional letters to the grievance officer and the ARB to appeal this grievance's emergent nature and to relay his confusion regarding the appeal process, all of which the ARB received on April 20, 2020. The ARB appears to have denied him further redress on July 7, 2020, contending he had not appealed appeal within the necessary timeframe. *See* Pl.'s Ex. K.

   3.   **August 29, 2020 grievance**

On August 29, 2020, Morgan filed an emergency grievance complaining about how "3-11" was not following his prescribed soft diet tray, causing him to miss dinner. He requested a "diet tray ASAP!" *See* Defs.' Ex. C at 11. The CAO determined this grievance to be non-emergent on September 24, 2020. Morgan appealed it to the ARB, but the grievance was returned on October 21, 2020, due to his alleged failure to attach certain required documents. *See id*. at 9, 11.

   4.   **October 28, 2020 grievance**

On October 28, 2020, Morgan filed an emergency grievance requesting a proper diet (soft diet tray), to be seen by a TMJ specialist, and to receive "proper care." *See id*. at 3. He stated that he was still being served a "regular tray" and had to drink medication through a straw due to his excruciating jaw pain. *Id*. The CAO rejected this grievance as moot on April 19, 2021, and Morgan appealed to the ARB on May 8, 2021. On June 22, 2021, the ARB refused any further redress, saying it had previously

addressed the issue on May 5, 2021 (citing the decisions regarding the appeal of the December 15 and 21, 2019 grievances). *See id*. at 1.

### 5. Morgan's contentions

Morgan says he filed seven TMJ-related grievances, which he contends show numerous failed attempts to seek adequate treatment as well as the defendants' opportunity to address his contentions despite his purported failure to name them in the grievances. He also argues that any failure to exhaust administrative remedies was due to the prison officials' inordinately long grievance response time, which he argues rendered the grievance process effectively unavailable. Morgan also notes that even if the grievance process was not complete—due to the IDOC's delays, he says—when he filed suit on November 4, 2020, the process was completed after that, so dismissal would be a waste of time and resources. He also notes that defendants have conceded that his December 15, 2019 grievance was "adjudicated with finality" on November 4, 2020, the same day this case was filed.

## Discussion

Because defendants have moved for summary judgment, this Court views the evidence and draws reasonable inferences in the light most favorable to Morgan. *See, e.g., Cervantes v. Ardagh Group*, 914 F.3d 560, 564 (7th Cir. 2019). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. Civ. P. 56(a). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc*. 477 U.S. 242, 243 (1986).

The Prison Litigation Reform Act requires an imprisoned person to exhaust all available administrative remedies by "[taking] each step within the administrative process" of a correctional system before filing suit. *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002); *see* 42 U.S.C. § 1997e(a). If the plaintiff failed to do so, the Court must dismiss the case without prejudice. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002); *see also Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004). Because exhaustion is an affirmative defense, the defendants bear the burden of persuasion. *See Brengettcy v. Horton*, 423 F.3d 674, 682 (7th Cir. 2005).

### 1. Adequacy of grievances

Under the Illinois Administrative Code, an imprisoned person's grievance must include "factual details regarding each aspect of the offender's complaint, including what happened, when, where and the name of each person who is the subject of or who is otherwise involved in the complaint. This provision does not preclude an offender from filing a grievance when the names of individuals are not known, but the offender must include as much descriptive information about the individual as possible." Ill. Admin. Code tit. 20, § 504.810(c).

Seventh Circuit caselaw establishes that a grievance is sufficient in this regard if it "alert[s] prison officials to a problem" and provides an opportunity for the agency to correct its mistakes before a lawsuit is filed. *Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011) (quoting *Johnson v. Johnson*, 385 F.3d 503, 522 (5th Cir. 2004)); *see also Woodford v. Ngo*, 548 U.S. 81, 89 (2006). In *Maddox*, the court ruled that an inmate's grievance was sufficient when prison officials could identify the individual responsible from the subject matter itself. *Maddox*, 655 F.3d at 722. And numerous decisions in

5

this district hold that grievances regarding inadequate medical treatment that did not name the responsible person provided prison officials with sufficient notice of ongoing treatment problems and thus declined to dismiss for failure to exhaust. *See, e.g., Dawson v. Baldwin*, No. 19 C 50058, 2021 WL 3912273, at *6-8 (N.D. Ill. Sept. 1, 2021); *Daval v. Zahtz*, No. 09 C 50147, 2021 WL 2072127, at *5-6 (N.D. Ill. May 24, 2021); *Cross v. Aguinaldo*, No. 17 C 7654, 2021 WL 1208970, at *6 (N.D. Ill. Mar. 31, 2021).

Furthermore, and perhaps more importantly, the Seventh Circuit has made it clear that when prison officials address a grievance "on the merits without rejecting it on procedural grounds," they have waived a procedural deficiency defense, because the grievance has "served its function of alerting [them of the problem] and inviting corrective action." *Maddox*, 655 F.3d at 722 (citing *Conyers v. Abitz*, 416 F.3d 580, 585 (7th Cir. 2005)). When prison officials address a grievance without notifying an inmate about the need for additional details, a court can reasonably infer that the officials "knew who to speak with, [] did speak with those individuals, and then used the information gained from speaking to those individuals to respond[.]" *Daval*, 2021 WL 2072127, at *5.

In this case, Morgan provided sufficient factual detail in his grievances. Like the plaintiffs in *Dawson, Daval,* and *Cross*, he did not identify anyone by name, but he clearly described how his TMJ treatment requests had been continuously denied. *See Dawson*, 2021 WL 3912273, at *6-8; *Daval*, 2021 WL 2072127, at *5-6; *Cross*, 2021 WL 1208970, at *6. Specifically, Morgan's grievances described the refusal of medical and other personnel to change his medication or provide him with an MRI screening or jaw surgery and their failure to provide him with the soft diet required by his TMJ.

6

In addition, prison officials resolved Morgan's grievances on the merits—finding them "moot" because he was supposedly getting treatment—and did not reject them as inadequate. As such, defendants' procedural defense has been waived. *See Morgan*, 655 F.3d at 722; *see also Daval*, 2021 WL 2072127, at *5.

For these reasons, the Court overrules defendants' contention that Morgan's grievances contained insufficient information or details.

### 2. Grievance appeal process

When an imprisoned person believes that a grievance has not been resolved satisfactorily by the grievance office, he may appeal the denial to the ARB within thirty days. Ill. Admin. Code tit. 20, § 504.850(a). Then the ARB will investigate and review the findings and recommendations before making a final determination within six months of receiving the appeal, "when reasonably feasible under the circumstances." *Id*. § 504.850(e). An inmate typically has fully exhausted administrative remedies after receiving the ARB's final decision on an appealed grievance. *Id*.

In this case, Morgan did not appeal any pertinent grievances to the ARB until after he filed his lawsuit. Specifically, he appealed the denial of his December 15 and 21, 2019 grievances on November 17, 2020—about two weeks after the Clerk of Court received his complaint in this case. And Morgan did not receive the ARB's decision on his appeals until about six months later, on May 5, 2021. This is the second basis on which defendants contend failed to exhaust before filing suit.

The problem with defendants' argument lies in the obvious reason why Morgan did not appeal sooner: there was nothing to appeal, because it took the grievance office *nearly eleven months* to address his grievances. Although an imprisoned person must

7

exhaust available remedies before filing a lawsuit, he "need not exhaust unavailable ones." *Ross v. Blake*, 578 U.S. 632, 642 (2016); *see also Crouch v. Brown*, 27 F.4th 1315, 1320 (7th Cir. 2022). Under the Illinois Administrative Code, a grievance officer is supposed to make a recommendation to the CAO within two months of receiving the grievance when reasonably feasible under the circumstances. Ill. Admin. Code tit. 20, § 504.830(e). The defendants cite no circumstances that would have made a decision within the prescribed time frame unfeasible.

Grievance remedies that exist on paper become unavailable for purposes of the exhaustion requirement when prison employees "do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). When the availability of the grievance process is disputed, the defendant—the party asserting the affirmative defense—bears the "burden of proving 'that an administrative remedy was available and that the plaintiff failed to pursue it.'" *Crouch*, 27 F.4th at 1320 (quoting *Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015)).

In this case, Morgan waited ten and one-half months without a response to his December 2019 grievances before filing suit. This is longer than the seven months that the court in *Smith v. Boyle*, No. 02 C 2788, 2003 WL 174189 (N.D. Ill. Jan. 27, 2003), found sufficient to show unavailability of the grievance remedy, *see id.* at *3, and nearly as long as the eleven-month period in *McNeal v. Cook Cty. Sheriff's Department,* 282 F. Supp. 2d 865, 868 n.3 (N.D. Ill. 2003). In short, by late October-early November 2020, Morgan had waited long enough to establish the practical unavailability of the grievance process. The Court therefore overrules defendants' contention that he failed to exhaust

8

the grievance process before filing suit.

## Conclusion

For the reasons stated above, the Court denies defendants' motion for summary judgment [56] and strikes their defenses of failure to exhaust. The case will process to determination of the merits. Counsel are directed to confer and attempt to agree upon a discovery and pretrial schedule to propose to the Court. A joint status report with a proposed schedule (or alternative proposed schedules if the parties cannot agree) is to be filed on August 29, 2022. The case is set for a telephonic status hearing on September 2, 2022 at 9:00 a.m., using call-in number 888-684-8852, access code 746-1053.

Date: August 13, 2022

_____
MATTHEW F. KENNELLY
United States District Judge